■ KIRSIS CORPORAN, as Administratrix of the Estate of RONNIE GARCIA, Deceased, Respondent-Appellant, v BARRIER FREE LIVING INC. et al., Appellants-Respondents. [19 NYS3d 160]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered January 13, 2015, which denied plaintiff's motion for summary judgment on the issue of liability and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Triable issues of fact exist as to whether defendants, the owner and operator of a transitional facility for disabled homeless people, breached their common-law duty to provide reasonable security measures to protect plaintiff's decedent from foreseeable harm (see *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519 [1980]). The fatal attack on decedent by a fellow resident was immediately preceded by two prior physical attacks, by the same resident, and police officers responding to the earlier attacks had told defendants' staff members to keep the two residents apart.

In light of the conflicting testimony as to the perpetrator's demeanor prior to the final attack and whether defendants were on notice of his alleged threat to continue the attack on decedent, it is for a jury to determine whether a further attack was foreseeable. The fact that defendants may not have been able to "anticipate the precise manner of the [attack] or the exact extent of injuries . . . does not preclude liability as a matter of law where the general risk and character of injuries are foreseeable" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316-317 [1980]). Furthermore, while unforeseeable and intentional criminal acts by third parties are supervening acts which sever the causal connection with any alleged negligence (see *Ullrich v Bronx House Community Ctr.*, 99 AD3d 472 [1st Dept 2012]), here, "the alleged intervening criminal act is itself the foreseeable harm that shapes the duty [of care sought to be] imposed" (*Browne v International Bhd. of Teamsters Union 851*, 187 AD2d 296, 296 [1st Dept 1992] [internal quotation marks omitted]). Concur—Gonzalez, P.J., Sweeny, Manzanet-Daniels and Kapnick, JJ.